*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-109

SEPTEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Jeffrey M. Brandt | } | DOCKET NO. 4056-10-09 Cncr |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

Defendant appeals a jury conviction of second-degree aggravated domestic assault. On appeal, defendant argues that the jury instructions were plain error because they trivialized the beyond-a-reasonable-doubt standard. We affirm.

Defendant was charged with aggravated domestic assault for punching his wife in the face. The trial against defendant was held in three stages. The first stage focused on whether defendant indeed assaulted his wife on the occasion alleged. The second and third stages were to determine if the charge would be enhanced for past domestic assault convictions and if there were sufficient felonies to support a habitual offender enhancement.

At this first trial, the victim testified to the following facts. She and defendant married in 2009. On the day of the assault she and defendant were in the car and fighting. They drove to Fletcher Allen Health Care and stopped near the emergency entrance. Defendant got out of the car and talked on the phone. He then got back in the driver's seat, gave the phone to the victim, they argued, and defendant hit her in the face with his right fist. She reported that it was very painful and she stumbled out of the car to find help. She testified that defendant was wearing a ring that chipped off a piece of her tooth. She discovered the broken tooth in her mouth. The State presented testimony from the man who assisted the victim after the assault. He testified that he saw the victim in the parking lot covering her face and screaming for help. He stated that the victim reported that her husband hit her in the face and she was holding a tooth that had fallen out. That man called his own wife who worked in the adjacent medical building. She also testified and reported that the victim was hyperventilating and crying. She repeated that the victim reported being hit by her husband and forced out of the car.

A police officer who responded to the scene also testified. She reported that when she arrived the victim's nose was swollen and there was a little blood. The officer remembered seeing the broken tooth fragment. She took photographs of the victim and the chipped tooth. The police officer also described that during her investigation defendant at first denied being in Burlington, or being married to his wife. He later admitted that he was there, but said he merely had an argument with his wife, who then got out of the car. Defendant presented testimony from a witness who saw the victim the day after the incident and reported that the victim did not

appear to have any injuries or a chipped tooth. The parties stipulated that a different witness would testify to the same.

The court instructed the jury on the elements of the offense. The court explained that the State had the burden of providing all the essential elements beyond a reasonable doubt. The court reiterated, "It is the State that has brought the charge, and it is the State that must prove the charge if it can. It must prove the charge beyond a reasonable doubt." The court then stated

> Few things in life are absolutely certain. To say that you believe something beyond a reasonable doubt is to say that you are convinced of it with great certainty, but proof beyond a reasonable doubt does not require you to be absolutely or one hundred percent certain. A reasonable doubt may arise from the evidence or from the lack of evidence.
>
> . . . .
>
> You must find the Defendant not guilty when you have a reasonable doubt. Even if you believe he is probably guilty. You may find him guilty only if you have no reasonable doubt. You need not be able to articulate or voice an explanation for your doubt, and the doubt which you have as an individual need not be the same doubt held by your fellow jurors. Under no circumstances may a guilty verdict be based on upon conjecture or suspicion.

There were no objections following the charge.

On appeal, defendant argues that the court committed plain error in instructing the jury regarding the beyond-a-reasonable-doubt standard. Defendant argues that the court's instruction trivialized the standard by equating reasonable doubt with "great certainty," and that this error was amplified by the prosecutor's statement during jury selection about reasonable doubt.

The challenged remark made by the prosecutor happened during an interchange with a prospective juror at voir dire. The prosecutor questioned whether the juror had driven to court and whether there were traffic lights at any intersections. The prospective juror replied affirmatively. The prosecutor then asked, "Now, when you continued through an intersection where you had the green light, did you know to an absolute certainty that the cars coming the other directions were going to stop?" There was a further exchange and the prosecutor stated:

> So the judge may tell you in his instructions that proof beyond a reasonable doubt is proof to a great certainty, and you'd agree with me that that's the way you proceeded through the green lights, with great certainty? You're willing to put you and your car out there, even though you weren't absolutely certain that the other cars weren't going to come through the intersection at the same time.

These statements were made without objection, and the voir dire continued.

Because defendant did not object to the court's instructions, we review for plain error only. State v. Viens, 2009 VT 64, ¶ 11, 186 Vt. 138. When determining whether plain error exists in the context of jury instructions, we review instructions in their entirety. Id. "Plain error

2

exists only where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of defendant's constitutional rights." Id. (quotation omitted).

We conclude that there was no error, let alone plain error, because when the instructions are taken as a whole, they properly instructed the jury regarding reasonable doubt. See State v. Percy, 158 Vt. 410, 419, 612 A.2d 1119, 1125 (1992) (affirming where jury instructions on reasonable doubt as a whole "accurately reflect the law"). The court several times instructed the jurors that the State had the burden of proving all of the essential elements of the offense beyond a reasonable doubt. The reference to "great certainty" did not diminish this instruction or introduce a lower standard of proof. The court explained that if there was any doubt, the jury could not convict, and that the jurors were not required to be able to articulate their doubt. These instructions sufficiently informed jurors of the correct burden of proof to apply.

The prosecutor's statements during voir dire about reasonable doubt did not undermine the court's instruction or prejudice the jury regarding the proper law to apply. Defendant claims that the prosecutor incorrectly compared the degree of certainty involved in driving through a green light to that necessary to find someone guilty beyond a reasonable doubt. In State v. Francis, 151 Vt. 296, 303 (1989), this Court explained that "it trivializes the proof-beyond-a-reasonable-doubt standard to compare it to decisions of personal importance in a juror's life." Even if the prosecutor improperly stated the law by using a personal decision as an analogy for reasonable doubt, it did not result in error. The statement about the degree of certainty was made not by the court, but by the prosecutor. Further, the analogy was made during jury selection. Finally, it was made without objection by defendant. See State v. Oakes, 129 Vt. 241, 253 (1971) (explaining that opposing counsel has duty to object to claimed prejudicial conduct during jury selection so it may be corrected). Under these circumstances, we cannot conclude that the analogy prejudiced the jury's understanding of the correct law to apply. The court instructed the jury to base its verdict on the law as explained by the court and that "it would be a violation of your sworn duty to base a verdict upon any view of the law other than what I give you in these instructions." As set forth above, the court properly instructed the jury regarding reasonable doubt, and we presume that the jury followed the court's instructions. See State v. Rideout, 2007 VT 59A, ¶ 17, 182 Vt. 113.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice